IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WESLEY C. BATTEN,

    Plaintiff,                    No. CIV S-08-2511 LKK EFB P

    vs.

SHASTA COUNTY JAIL, et al.,

    Defendants.               <u>ORDER</u>

                              /

      This case, in which plaintiff is a civil detainee, proceeding *pro se*, and *in forma pauperis*, was referred to the undersigned under Eastern District of California Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On May 29, 2009, the court dismissed plaintiff's complaint with leave to amend. On June 26, 2009 plaintiff filed a first amended complaint. The court has reviewed plaintiff's amended complaint and, for the limited purposes of § 1915(e)(2), finds that it states cognizable Fourteenth Amendment substantive due process claims against the named defendants, but does not state a cognizable equal protection claim against defendants.

      Plaintiff may proceed forthwith to serve defendants and pursue his due process claims only or he may delay serving any defendant and attempt to state a cognizable equal protection claim.

////

1

The equal protection clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). To state a claim under § 1983 alleging violations of the equal protection clause, plaintiff must allege facts showing that he is a member of a protected class. *See Harris v. McRae*, 448 U.S. 297, 323 (1980) (indigents); *see also City of Cleburne*, 473 U.S. at 440-41 (listing suspect classes). Plaintiff has not alleged that he is a member of a protected class, nor has he plead facts to demonstrate that defendants acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999). Plaintiff also fails to allege facts showing that he has been intentionally treated differently from others similarly situated without a rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004). That is, plaintiff does not specify which other civil detainees his conditions differ from, nor does he specifically describe how the conditions are different. Therefore, plaintiff fails to state a cognizable claim for violation of the equal protection clause of the Fourteenth Amendment.

If plaintiff elects to proceed forthwith against the named defendants on his due process claims, then within 20 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of the equal protections claims without prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff

contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to

cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a second amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

Accordingly, the court hereby ORDERS that:

1. Plaintiff's equal protection claims are dismissed with leave to amend.  Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state a cognizable equal protection claim.  Plaintiff is not obliged to amend his complaint.

2. The allegations in the pleading are sufficient at least to state cognizable Fourteenth Amendment substantive due process claims against the named defendants.  *See* 28 U.S.C. § 1915(e)(2). With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading and memorandum filed June 26, 2009, five USM-285 forms and instructions for service of process on defendants.  Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and six copies of the endorsed June 26, 2009 complaint and memorandum.  The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendants Tom Bosenko, Shasta County Board of Supervisors, Don VanBuskirk, Ashmun, and Mitchell will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his

4

1 equal protection claim without prejudice.

2     3.    Failure to comply with this order will result in a recommendation this action be
3 dismissed.

4 Dated: November 23, 2009.

                                      EDMUND F. BRENNAN
                                      UNITED STATES MAGISTRATE JUDGE

5

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WESLEY C. BATTEN,

        Plaintiff,                  No. CIV S-05-2511 LKK EFB P

    vs.

SHASTA COUNTY JAIL, et al.,

        Defendants.        <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

                            /

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        __1__        completed summons form

        __5__        completed forms USM-285

        __6__        copies of the June 26, 2009 Amended Complaint & Memorandum

Dated:

                                              Plaintiff